# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ALFREDO GONZALEZ, | * | |
| | * | No. 17-174V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: July 8, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Alfredo Gonzalez's motion for final attorneys' fees and costs. He is awarded **$102,921.99**.

\* \* \*

On February 6, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccine he received on or about December 29, 2014, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome. The parties filed multiple expert reports, with petitioner retaining Dr. David Simpson and respondent retaining Drs. Peter Donofrio and Carolyn Casella. Thereafter, the parties agreed to start settlement discussions and on March 23, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 2795423.

On July 1, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests a total amount of $107,721.99 comprised as follows: $77,833.25 in attorney' fees, $29,861.10 in attorneys' costs, and $27.64 in costs personally incurred by petitioner. Fees App. at 1-2. On July 6, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested for the work of his counsel at Conway, Homer, PC (the billing records indicate that the majority of attorney work was performed by Ms. Lauren Faga, with supporting work performed by Ms. Meredith Daniels, Ms. Christina Ciampolillo, Mr. Joseph Pepper, Mr. Patrick Kelly, and Mr. Ronald Homer) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work. See, e.g., Skiles v. Sec'y of Health & Human Servs., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); Heddens v. Sec'y of Health & Human Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019). Accordingly, the requested hourly rates are reasonable.

### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review, a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions

for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. See, e.g., Manetta v. Sec'y of Health & Human Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); Lyons v. Sec'y of Health & Human Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020).

To offset these issues, the undersigned finds a reduction of $800.00 to be appropriate in this case. However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues.[2]

Accordingly, petitioner is awarded final attorneys' fees of $77,033.25.

### C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $29,861.10 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, work performed by petitioner's medical expert, Dr. David Simpson (a neurologist), and work performed by petitioner's life care planner, Ms. Maureen Clancy.

Dr. Simpson billed a total of 36 hours at a rate of $500.00 per hour to review petitioner's records and prepare three expert reports (albeit one supplemental report was necessary because Dr. Simpson did not adequately answer all of the undersigned's questions contained in the expert instructions in his first report). The rate requested by Dr. Simpson is consistent with what has previously been found to be reasonable by other special masters in cases where Dr. Simpson provided expert reports. See Franklin v. Sec'y of Health & Human Servs., No. 16-193V, 2020 WL 6151367 at *2 (Fed. Cl. Spec. Mstr. Sept. 23, 2020); Q.P. v. Sec'y of Health & Human Servs., No. 15-449V, 2019 WL 4013436 at *2-3 (Fed. Cl. Spec. Mstr. July 29, 2019). Based on prior decisions in the Program, $500.00 per hour is potentially

---

[2] Attorneys at Conway, Homer have been previously warned that including duplicate work of other attorneys may result in an increased deduction. See, e.g., Burgos v. Sec'y of Health & Human Servs., No. 16-903V, 2022 WL 1055355 (Fed. Cl. Spec. Mstr. Mar. 15, 2022). However, that warning was given after the fee application was submitted in this case.

a reasonable hourly rate.  However, Dr. Simpson failed to address all the questions in the Expert Instructions and was alerted that the failure to answer all the questions might reduce compensation.  Final Instructions, issued Sep. 13, 2017, at 2 n.1.  In addition, Dr. Simpson's invoices consistently block-billed his work, making the reasonableness of his efforts difficult to assess.  See Fee App. at pdf 77-81.  Experts are expected to list the amount of time they spent on particular activities.  See Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013); Morse v. Sec'y of Health & Human Servs., 89 Fed. Cl. 683 (2009); Guidelines for Practice Under the National Vaccine Injury Compensation Program Section X, Chapter 2, Section D (stating "[i]n particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task.").  Moreover, Dr. Simpson was advised to create detailed invoices.  Final Instructions at 7 (stating "A rule of thumb is that every half hour should have a separate task, differentiated from other tasks").  Accordingly, to account for both some concerns about the quality of Dr. Simpson's work as well as problems with his invoicing, compensation for Dr. Simpson's work is reduced to $14,000.  Based upon the undersigned's experience, $14,000 is a reasonable amount of compensation for Dr. Simpson's work.

Petitioner also requests that his life care planner, Ms. Maureen Clancy, be compensated for 51.3 hours of work at $150.00 per hour. Fees App. at 98. This rate is consistent with what the undersigned and other special masters have previously awarded Ms. Clancy for her work and shall be awarded herein. See Harris v. Sec'y of Health & Human Servs., No., 2018 WL 5816741 at *3 (Fed. Cl. Spec. Mstr. Sept. 24, 2018). The hours billed are also reasonable and shall be fully reimbursed.

The remainder of the costs are typical of Vaccine Program litigation and have been supported by appropriate documentation. Additionally, Pursuant to General Order No. 9, petitioner has indicated that he personally incurred costs totaling $27.64 for postage, which is reasonable and shall also be reimbursed. Petitioner is therefore awarded the full amount of attorneys' costs sought.

E.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$102,894.35** (representing $77,033.25 in attorneys' fees and $25,861.10 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Ronald Homer; and

2) a total of **$27.64**, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>Christian J. Moran<br>Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.